## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CLAYBAR FUNERAL HOMES, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CAUSE NO. 1:19-cv-298** |
| | § | |
| **CERTAIN UNDERWRITERS AT** | § | |
| **LLOYD'S, LONDON,** | § | |
| **LYNN O'ROURKE, AND** | § | |
| **U.S. ADJUSTMENT CORP.** | § | |
| **Defendant.** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Certain Underwriters at Lloyd's, London,[1] (hereafter "Defendants") file this notice of removal under 28 U.S.C. §1441 and 1446(a).[2] Defendants remove this action to the United States District Court for the Eastern District of Texas. The basis for removal is that diversity jurisdiction exists.

### I.
### Introduction and Procedural History

1.      On May 31, 2019, Plaintiff filed an Original Petition in the District Court of Jefferson County, Texas (Cause No. D-0203914).[3] Plaintiff's Petition arises out of Underwriters' investigation and adjustment of a claim for hurricane damage to the insured funeral home, located at 1155 N. 11th St., Beaumont, Texas. The claim was brought under two Commercial Property policies: An overlying policy issued by AXIS Surplus Lines Insurance Company under Policy No. ECF79444817 and a deductible buy back policy, issued by Certain Underwriters at Lloyd's, London (hereafter "Underwriters"), under policy number B128410106L17-0064.

---

[1]      Lynn O'Rourke and U.S. Adjustment Corp. consent to and join in the removal.
[2]      Plaintiff has been given notice of the filing of Defendants' Notice of Removal, *See* Exhibit A.
[3]      *See* a copy of the Original Petition, marked as Exhibit B.

2.      On June 12, 2019, Plaintiff served Underwriters with the Original Petition.  On June 20, 2019, Plaintiff served Lynn O'Rourke with the Original Petition. On June 24, 2019, Plaintiff served U.S. Adjustment Corp with the Original Petition.

3.      Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## II.
## Venue

4.      Under 28 U.S.C. §1441(a) and 1446(a), venue is proper in the United States District Court for the Eastern District of Texas because the Jefferson County District Court where the suit is pending is located in this district.

## III.
## Bases for Removal

5.      Removal is proper on the following grounds:

   A.      Complete Diversity Between the Parties

   Federal jurisdiction is based upon complete diversity of citizenship in accordance with 28 U.S.C. § 1332.  There is complete diversity among the parties both at the time that Plaintiff filed the state court action and at the time of removal. Plaintiff's Petition states that Plaintiff is a business located in Jefferson County, Texas.[4] Defendants, Certain Underwriters at Lloyd's, London are now, and were at the time the state court action was commenced, citizens of the United Kingdom and their principal places of business were and are in the United Kingdom. Lynn O'Rourke is a resident of the state of New York. U.S. Adjustment Corp is a citizen of the state of New York.

   B.      The Amount in Controversy Exceeds $75,000

   The amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C.

---

[4]      Original Petition, p. 1, ¶2.

§1332(a). Plaintiff's Petition states that Plaintiff seeks monetary relief between $200,000 and $1,000,000.[5] Accordingly, all requirements are met for removal under 28 U.S.C. §1332(a) and §1446(b).

6.      Copies of the pleadings and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).[6]

7.      Defendants will promptly serve a copy of this notice of removal on counsel for Plaintiff and will file a copy with the clerk of the Jefferson County District Court where the suit has been pending.

## IV.
## Consent to Removal

8.      Lynn O'Rourke and U.S. Adjustment Corp., who have been served and appeared in the state court action, consent to and join in this removal.

## V.
## Jury Demand

9.      Plaintiff demanded a jury in the state court suit.

---

[5]      Original Petition, pgs. 1-2, ¶6.
[6]      *See* Exhibit B, and C,.

**VI.**
**Prayer**

For these reasons, Certain Underwriters at Lloyd's, London ask the court to remove the suit to the United States District Court for the Eastern District of Texas and enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Certain Underwriters at Lloyd's, London all other relief the court deems appropriate.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Gerard J. Kimmitt, II*
**Gerard J. Kimmitt, II**
TBN: 11427500; Fed. Id. No. 08454
jerry.kimmitt@hfw.com
5151 San Felipe, Suite 400
Houston, Texas  77056
Telephone:  (713) 917-0888
Facsimile:  (713) 953-9470
**ATTORNEY-IN-CHARGE FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, LYNN O'ROURKE, AND U.S. ADJUSTMENT CORP.**

OF COUNSEL:
**Sheshe Taylor Evans**
TBA No. 24047800; Fed. Id. No. 37745
shehe.evans@hfw.com
**Holman Fenwick Willan USA LLP**

4

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of Defendants' Notice of Removal was filed electronically with the United States District Court for the Northern District of Texas – Dallas Division, with notice served via e-file and facsimile on this the 11th day of July, 2019:

Michael R. Ramsey
Katherine D. Ramsey
Randal G. Cashiola
Ramsey Law Firm
6280 Delaware Street, Suite A
Beaumont, Texas 77706

*s/ Gerard J. Kimmitt, II*

_____

**Gerard J. Kimmitt, II**

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/28/2019 3:12 PM
JAMIE SMITH
DISTRICT CLERK
D-203914

CAUSE NO. D-0203914

| | | |
|---|---|---|
| CLAYBAR FUNERAL HOMES, INC. | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| CERTAIN UNDERWRTIERS AT | § | |
| LLOYD'S, LONDON, LYNN | § | |
| O'ROURKE, AND U.S. ADJUSTMENT | § | |
| CORP. | § | |
| **Defendant** | § | 136TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANTS,
## CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

Defendants, Certain Underwriters at Lloyd's, London (hereafter "Defendants"), file this Original Answer to Plaintiff's Original Petition.

## I.
### GENERAL DENIAL

1.     As provided for by Texas Rule of Civil Procedure 92, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of credible evidence.

## II.
### AFFIRMATIVE AND OTHER DEFENSES

2.     Plaintiff's claims are barred, in whole or in part, because there was an intervening or supervening cause over which these Defendants had no control.

3.     Plaintiff's claims are barred, in whole or in part, by actions of third persons over whom Defendants had no control.

4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to adhere to all contractual policy conditions/conditions precedent.

5.      Plaintiff's claims are barred, in whole or in part, by the coverages and limitations of coverage under Policy number B128410106L17-0064, with effective dates from May 26, 2017 to May 26, 2018.

6.      Defendants would show that Plaintiff sued Defendants for punitive and/or exemplary damages. Defendants would show that to award exemplary (punitive) damages against these Defendants would be unconstitutional under the following provisions of the Constitution of the United States and the Constitution of the State of Texas:

    a.    Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and by the Due Course of Law Clause of the Texas Constitution, art. I, § 19, because the law of this State governing exemplary (punitive) damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages.

    b.    Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because Defendants lacked adequate notice either of the type of conduct that could warrant an award of exemplary (punitive) damages under the law of this State, or of the amount of such damages that could be awarded. The lack of fair notice bars any award of exemplary (punitive) damages.

    c.    Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because due process requires that any award of exemplary (punitive) damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature. The law of this State, however, fails to incorporate this due process requirement, and therefore no award of punitive damages may be constitutionally made under the law of this State.

    d.    Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because the law of this State permits the introduction of evidence of Defendants' financial condition or 'net worth' with respect to the quantum of exemplary (punitive) damages. The introduction of such evidence

2

violates Due Process by inviting the jury to award an arbitrary amount of exemplary (punitive) damages based on Defendants' status as an industrial enterprise.

e.  Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because Defendants' conduct that is alleged to warrant exemplary (punitive) damages is unrelated to Plaintiff's harm.

f.  If Defendants are found to be liable for exemplary (punitive) damages, those damages must be capped under the Due Process clauses of the United States and Texas Constitutions.

7.    Defendants affirmatively plead all rights to limitation of damages, bifurcation, specificity of award and all other rights as articulated in Chapter 41 of the Tex. Civ. Prac. & Rem. Code.

## III.
### REQUEST FOR DISCLOSURE

8.    Defendants request that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

3

## IV.
### PRAYER

Defendants, Underwriters at Lloyd's, London, pray that all causes of action asserted by Plaintiff be dismissed, that Defendants recover their costs, and that Defendants be awarded such other and further relief to which they are entitled.

Respectfully submitted,

**HOLMAN FENWICK WILLAN LLP**

*/s/ Gerard J. Kimmitt, II*

---

**Gerard J. Kimmitt, II**
TBN: 11427500
jerrykimmit@hfw.com
**Sheshe Taylor Evans**
TBN: 24047800
Sheshe.evans@hfw.com
5151 San Felipe, Suite 400
Houston, Texas  77056
Telephone:  (713) 917-0888
Facsimile:  (713) 953-9470

**ATTORNEYS FOR DEFENDANTS
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**

4

## CERTIFICATE OF SERVICE

In compliance with the Texas Rules of Civil Procedure, this pleading was served upon the following via electronic e-filing on the 28th day of June, 2019:

Michael R. Ramsey
Katherine D. Ramsey
Randal G. Cashiola
Ramsey Law Firm
6280 Delaware Street, Suite A
Beaumont, Texas 77706

*/s/ Gerard J. Kimmitt, II*

Gerard J. Kimmitt, II

5

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/9/2019 12:20 PM
JAMIE SMITH
DISTRICT CLERK
D-203914

CAUSE NO. D-0203914

| | | |
|---|---|---|
| **CLAYBAR FUNERAL HOMES, INC.** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **CERTAIN UNDERWRTIERS AT** | § | |
| **LLOYD'S, LONDON, LYNN** | § | |
| **O'ROURKE, AND U.S. ADJUSTMENT** | § | |
| **CORP.** | § | |
| **Defendant** | § | **136TH JUDICIAL DISTRICT** |

---

## ORIGINAL ANSWER OF DEFENDANT, LYNN O'ROURKE

---

Defendant, Lynn O'Rourke (hereafter "Defendant") files this Original Answer to Plaintiff's Original Petition.

### I.
### General Denial

1.      As provided for by Texas Rule of Civil Procedure 92, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of credible evidence.

### II.
### Affirmative and Other Defenses

2.      Plaintiff's contractual claims are barred by the failure of a condition precedent or a condition subsequent to performance under the policy. Plaintiff's failure to comply with such conditions resulted in prejudice to Defendant's rights to investigate the claims asserted herein.

3.      Plaintiff's injuries and damages, if any, do not fall within the scope of insurance coverage available under the policy at issue in this case.

4.      Plaintiff's injuries and damages, if any, are not covered by the policy and recovery thereon is barred and/or limited by conditions, exclusions, endorsements, and/or deductibles and the plain language of the policy.

5.      With regard to all of Plaintiff's extra-contractual claims, Defendant asserts that a thorough, complete and appropriate investigation of the claim was conducted by Defendant.

6.      Plaintiff's claims are barred, in whole or in part, because there was an intervening or supervening cause over which Defendant had no control and cannot be held liable.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and comparative negligence.

8.      Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate its damages by failing to protect the property from further damage or make reasonable and necessary repairs to protect the property.

9.      Defendant additionally pleads the common law Doctrine of Concurrent Causation as it relates to covered versus non-covered perils, with respect to the proximate cause of the damages alleged to Plaintiff's property and/or contents forming the subject matter of this lawsuit.

10.     Defendant pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiff on the basis that an item or items of loss was or were not addressed, not investigated, and/or omitted from adjustment by Defendant.

11.     Defendant also pleads the affirmative defense of accord and satisfaction as to any theory of recovery alleged by Plaintiff on the basis that an item or items of loss was or were not addressed, not investigated, and/or omitted from adjustment by Defendant.

12.     While continuing to deny that Plaintiff's damages, if any, were proximately caused by Defendant's acts or omissions, Defendant requests, pursuant to Chapter 33 of the Texas Civil

2

Practice & Remedies Code, a determination of whether Plaintiff's conduct and/or the conduct of other persons or parties proximately caused or produced the Plaintiff's purported damages, and, if so, the percentage of such causation attributable to the Plaintiffs, other persons or parties found to have been a cause of any of the Plaintiff's purported damages. Defendant further requests that the Court reduce and/or apportion the judgment, if any, by the degree of such causation attributed or attributable to the Plaintiff, other persons or parties.

13.     Defendant further avers that Plaintiff's losses and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on Defendant's part.

14.     Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitations by the Texas Civil Practice and Remedies Code, the Texas Business and Commerce Code, and the Texas Insurance Code.

15.     With respect to exemplary damages sought by Plaintiff, Defendant invokes the cap in the Damages Act, Texas Civil Practice & Remedies Code Chapter 41 and Texas Insurance Code §§ 541.152 and 542.060, which restricts and limits the Plaintiff's claims for exemplary damages. Defendant affirmatively pleads all rights to limitation of damages, bifurcation, specificity of award and all other rights as articulated in Chapter 41 of the Texas Civil Practice & Remedies Code.

16.     Defendant would show that Plaintiff sued Defendant for punitive and/or exemplary damages and that gross negligence is the basis thereof. Defendant would show that to award exemplary (punitive) damages against these Defendant would be unconstitutional under the following provisions of the Constitution of the United States and the Constitution of the State of Texas:

3

a.   Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and by the Due Course of Law Clause of the Texas Constitution, art. I, § 19, because the law of this State governing exemplary (punitive) damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages.

b.   Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because Defendant lacked adequate notice either of the type of conduct that could warrant an award of exemplary (punitive) damages under the law of this State, or of the amount of such damages that could be awarded. The lack of fair notice bars any award of exemplary (punitive) damages.

c.   Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because due process requires that any award of exemplary (punitive) damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.  The law of this State, however, fails to incorporate this due process requirement, and therefore no award of punitive damages may be constitutionally made under the law of this State.

e.   Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because Defendant's conduct that is alleged to warrant exemplary (punitive) damages is unrelated to Plaintiff's harm.

f.   If Defendant is found to be liable for exemplary (punitive) damages, those damages must be capped under the Due Process clauses of the United States and Texas Constitutions.

4

## III.
## Prayer

WHEREFORE, Defendant, Lynn O'Rourke, prays that all causes of action asserted by Plaintiff be dismissed, that Defendant recover her costs, and that Defendant be awarded such other and further relief to which she is entitled.

Respectfully submitted,

**HOLMAN FENWICK WILLAN LLP**

*/s/ Gerard J. Kimmitt, II*

**Gerard J. Kimmitt, II**
TBN: 11427500
jerrykimmit@hfw.com
**Sheshe Taylor Evans**
TBN: 24047800
Sheshe.evans@hfw.com
5151 San Felipe, Suite 400
Houston, Texas  77056
Telephone:  (713) 917-0888
Facsimile:  (713) 953-9470

**ATTORNEYS FOR DEFENDANT
LYNN O'ROURKE**

5

## <u>CERTIFICATE OF SERVICE</u>

In compliance with the Texas Rules of Civil Procedure, this pleading was served upon the following via electronic e-filing on the 9th day of July, 2019:

Michael R. Ramsey
Katherine D. Ramsey
Randal G. Cashiola
Ramsey Law Firm
6280 Delaware Street, Suite A
Beaumont, Texas 77706


*/s/ Gerard J. Kimmitt, II*

_____
Gerard J. Kimmitt, II

6

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/9/2019 12:13 PM
JAMIE SMITH
DISTRICT CLERK
D-203914

CAUSE NO. D-0203914

| | | |
|---|---|---|
| CLAYBAR FUNERAL HOMES, INC. | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| CERTAIN UNDERWRTIERS AT | § | |
| LLOYD'S, LONDON, LYNN | § | |
| O'ROURKE, AND U.S. ADJUSTMENT | § | |
| CORP. | § | |
| **Defendant** | § | 136TH JUDICIAL DISTRICT |

---

## ORIGINAL ANSWER OF DEFENDANT, U.S. ADJUSTMENT CORPORATION

---

Defendant, U.S. Adjustment Corporation (hereafter "Defendant") files this Original Answer to Plaintiff's Original Petition.

## I.
## General Denial

1.     As provided for by Texas Rule of Civil Procedure 92, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of credible evidence.

## II.
## Affirmative and Other Defenses

2.     Plaintiff's contractual claims are barred by the failure of a condition precedent or a condition subsequent to performance under the policy. Plaintiff's failure to comply with such conditions resulted in prejudice to Defendant's rights to investigate the claims asserted herein.

3.     Plaintiff's injuries and damages, if any, do not fall within the scope of insurance coverage available under the policy at issue in this case.

4.      Plaintiff's injuries and damages, if any, are not covered by the policy and recovery thereon is barred and/or limited by conditions, exclusions, endorsements, and/or deductibles and the plain language of the policy.

5.      With regard to all of Plaintiff's extra-contractual claims, Defendant asserts that a thorough, complete and appropriate investigation of the claim was conducted by Defendant.

6.      Plaintiff's claims are barred, in whole or in part, because there was an intervening or supervening cause over which Defendant had no control and cannot be held liable.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and comparative negligence.

8.      Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate its damages by failing to protect the property from further damage or make reasonable and necessary repairs to protect the property.

9.      Defendant additionally pleads the common law Doctrine of Concurrent Causation as it relates to covered versus non-covered perils, with respect to the proximate cause of the damages alleged to Plaintiff's property and/or contents forming the subject matter of this lawsuit.

10.      Defendant pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiff on the basis that an item or items of loss was or were not addressed, not investigated, and/or omitted from adjustment by Defendant.

11.      Defendant also pleads the affirmative defense of accord and satisfaction as to any theory of recovery alleged by Plaintiff on the basis that an item or items of loss was or were not addressed, not investigated, and/or omitted from adjustment by Defendant.

12.      While continuing to deny that Plaintiff's damages, if any, were proximately caused by Defendant's acts or omissions, Defendant requests, pursuant to Chapter 33 of the Texas Civil

Practice & Remedies Code, a determination of whether Plaintiff's conduct and/or the conduct of other persons or parties proximately caused or produced the Plaintiff's purported damages, and, if so, the percentage of such causation attributable to the Plaintiffs, other persons or parties found to have been a cause of any of the Plaintiff's purported damages. Defendant further requests that the Court reduce and/or apportion the judgment, if any, by the degree of such causation attributed or attributable to the Plaintiff, other persons or parties.

13. Defendant further avers that Plaintiff's losses and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on Defendant's part.

14. Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitations by the Texas Civil Practice and Remedies Code, the Texas Business and Commerce Code, and the Texas Insurance Code.

15. With respect to exemplary damages sought by Plaintiff, Defendant invokes the cap in the Damages Act, Texas Civil Practice & Remedies Code Chapter 41 and Texas Insurance Code §§ 541.152 and 542.060, which restricts and limits the Plaintiff's claims for exemplary damages. Defendant affirmatively pleads all rights to limitation of damages, bifurcation, specificity of award and all other rights as articulated in Chapter 41 of the Texas Civil Practice & Remedies Code.

16. Defendant would show that Plaintiff sued Defendant for punitive and/or exemplary damages and that gross negligence is the basis thereof. Defendant would show that to award exemplary (punitive) damages against these Defendant would be unconstitutional under the following provisions of the Constitution of the United States and the Constitution of the State of Texas:

HOUIMAN\515246-1

a.      Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and by the Due Course of Law Clause of the Texas Constitution, art. I, § 19, because the law of this State governing exemplary (punitive) damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages.

b.      Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because Defendant lacked adequate notice either of the type of conduct that could warrant an award of exemplary (punitive) damages under the law of this State, or of the amount of such damages that could be awarded. The lack of fair notice bars any award of exemplary (punitive) damages.

c.      Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because due process requires that any award of exemplary (punitive) damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.  The law of this State, however, fails to incorporate this due process requirement, and therefore no award of punitive damages may be constitutionally made under the law of this State.

e.      Plaintiff's claim for exemplary (punitive) damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, §1, and by the Due Course of Law Clause of the Texas Constitution art. I, § 19, because Defendant's conduct that is alleged to warrant exemplary (punitive) damages is unrelated to Plaintiff's harm.

f.      If Defendant is found to be liable for exemplary (punitive) damages, those damages must be capped under the Due Process clauses of the United States and Texas Constitutions.

HOUIMAN\515246-1

## III.
## Prayer

WHEREFORE, Defendant, U.S. Adjustment Corporation, prays that all causes of action asserted by Plaintiff be dismissed, that Defendant recover its costs, and that Defendant be awarded such other and further relief to which it is entitled.

Respectfully submitted,

**HOLMAN FENWICK WILLAN LLP**

*/s/ Gerard J. Kimmitt, II*

_____

**Gerard J. Kimmitt, II**
TBN: 11427500
jerrykimmit@hfw.com
**Sheshe Taylor Evans**
TBN: 24047800
Sheshe.evans@hfw.com
5151 San Felipe, Suite 400
Houston, Texas  77056
Telephone:  (713) 917-0888
Facsimile:  (713) 953-9470

**ATTORNEYS FOR DEFENDANT
U.S. ADJUSTMENT CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

In compliance with the Texas Rules of Civil Procedure, this pleading was served upon the following via electronic e-filing on the 9th day of July, 2019:

Michael R. Ramsey
Katherine D. Ramsey
Randal G. Cashiola
Ramsey Law Firm
6280 Delaware Street, Suite A
Beaumont, Texas 77706

*/s/ Gerard J. Kimmitt, II*

Gerard J. Kimmitt, II

6