**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**5/31/2019 3:26 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**D-203914**

CAUSE NO. _____

| | | |
|---|---|---|
| CLAYBAR FUNERAL HOMES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S, LONDON, LYNN | § | |
| O'ROURKE, AND U.S. ADJUSTMENT | § | _____JUDICIAL DISTRICT |
| CORP. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Claybar Funeral Homes, Inc., ("**Plaintiff**"), and files this Plaintiff's Original Petition, complaining of Defendants, Certain Underwriters at Lloyd's, London; US Adjusting Corporation; and Lynn O'Rourke (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2. Plaintiff Claybar Funeral Properties, Inc. is business with operating locations in Jefferson County, Texas.

3. Defendant Certain Underwriters at Lloyd's, London is a syndication of individuals (comprised of one or more persons, corporations, entities, or some combination of one or more persons, corporations or entities) whose names, residences and principal places of business has not been disclosed to Plaintiff. Accordingly, upon information and belief, at the times material to the allegations in this Petition, one or more individuals comprising Defendant

Certain Underwriters at Lloyd's, London ("ULL") either may have resided in Texas or maintained its principal place of business in Texas. At all time times material to this actions, Defendant ULL engaged in the business of insurance in the State of Texas, as more particularly described below, and the causes of action arise out of this defendant's business activities in Texas. This Defendant has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with process via certified mail, return receipt requested, by serving its President or any other officer, at 25 W. 53rd Street, Floor 14, New York, New York 10019, or wherever else it may be found.

4.      Defendant US Adjustment Corp. is an alien or foreign adjusting company whose principal places of business has not been disclosed to Plaintiff. Accordingly, upon information and belief, at the times material to the allegations in this Petition, one or more individuals comprising Defendant US Adjustment Corp. either may have resided in Texas or maintained its principal place of business in Texas. At all times material to this actions, Defendant US Adjustment Corp. engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its President or any other officer, at 40 Fulton Street, Floor 14, New York, New York 10038, or wherever else it may be found.

5.      Defendant Lynn O'Rourke is an individual who, at all times material to the allegations in this Petition, has done business in Texas as an insurance adjuster. This Defendant, on information and belief, is not licensed to business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at her residence located at 89 Biltmore Drive, Mastic Beach, New York 11951, or wherever else she may be found.

## JURISDICTION

6.      The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking damages between $200,000.00 to

$1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement and post-judgement interest. Plaintiff reserves the right to amend this amount.

7.    The court has Jurisdiction over Defendant Certain Underwriters at Lloyd's, London, because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in Texas.

8.    The court has Jurisdiction over Defendants US Adjustment, Corp. and Lynn O'Rourke because these Defendants engage in the business of adjusting insurance in the State of Texas and Plaintiff's causes of action arise out of Defendants' business activities in Texas.

## VENUE

9.    Venue is proper in Jefferson County because the insured property is situated in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.    Plaintiff is the owner of a Windstorm Deductible Buyback policy of insurance (hereinafter referred to as the "**Deductible Policy**") that follows form with Plaintiff's Commercial Property Insurance Policy (hereinafter referred to as the "**CPI Policy**").

11.    Plaintiff's CPI Policy was issued by Axis Surplus Insurance Company (hereinafter "**CPI Policy Insurer**").

12.    Plaintiff's Deductible Policy was issued by Certain Underwriter's at Lloyd's, London (referred to herein as "**Deductible Policy Insurer**").

13.    Plaintiff's Deductible Policy provided coverage to the Plaintiff for all windstorm damage covered under Plaintiff's CPI Policy up to $145,000 – the amount of the deductible in the CPI Policy.[1]

14.    Plaintiff owns the insured property, which is specifically located at 1155 N. 11th Street, Beaumont, Texas 77707.

---

[1] The CPI Policy itself has a deductible of $5,000, making $140,000 the maximum amount of coverage available under the Deductible Policy.

15.     On or about September 1, 2017, Plaintiff sustained wind and water damage to the following areas of the Property due to Hurricane Harvey: Lobby, Office to the Right, Office to the Left, Chapel Sitting Area, State Room D, Back Corridor, Kitchenette, Back Entry, Back Freight Office, Parlor "A", Upstairs Landing, Upstairs Left Office, Office to the Right, Upstairs Bath, Upstairs Office 3, Upstairs Kitchen/Office, Chapel, Chapel Offset, Family Seating Chapel, Chapel Foyer, Upstairs Viewing Area, Flower Shop, Flower Shop Assembly Area, and Roof. Plaintiff notified its broker of the loss, who then filed a claim with both the CPI Policy Insurer and the Deductible Policy Insurer for the damages to its property caused by Hurricane Harvey.

16.     Pursuant to both the CPI Policy and the Deductible Policy, Plaintiff asked that the CPI Policy Insurer and the Deductible Policy Insurer pay for the damage to the Property.

17.     The CPI Policy Insurer assigned and otherwise authorized York Specialized Loss Adjusting to assign Adjuster Ron Jensen ("Jensen") to investigate and handle Plaintiff's claim.

18.     The CPI Policy Insurer and the Deductible Policy Insurer assigned and otherwise authorized Defendant US Adjustment Corp. ("**Adjusting Company**") to assign and authorize Lynn O'Rourke ("**O'Rourke**" or **"Desk Adjuster"**) to investigate and handle Plaintiff's claim.

19.     O'Rourke and The Deductible Policy Insurer relied on the estimate prepared for the CPI Policy Insurer by Ron Jensen. The Deductible Policy Insurer did not assign its own independent field adjuster to prepare an estimate of damages.

20.     O'Rourke was inadequately trained by the Adjusting Company.  As a result of such deficient training, O'Rourke conducted a substandard investigation of damages to Plaintiff's property and reached incorrect coverage determinations that were avoidable and unnecessary.  More specifically, but without limitation, O'Rourke and the Adjusting Company determined that there was no wind damage to the Roof, Siding, Windows, Doors or Trim, despite the existence of extensive water damage to the interior of Plaintiff's Property.  O'Rourke, Adjusting Company, and the Deductible Policy Insurer ratified and adopted that determination

**without making any independent evaluation or analysis**, and to this day denies coverage for damage.

21. In contrast to the foregoing, the CPI Policy Insurer settled with Plaintiff prior to Plaintiff filing this lawsuit by paying to Plaintiff a confidential settlement amount, in excess of the deductible under the CPI Policy.

22. None of the Defendants have provided any written explanation to Plaintiff as to why the Deductible Policy is not triggered by the settlement between Plaintiff and the CPI Policy Insurer. Plaintiff affirmatively alleges that no such explanation exists under the law or the language of either the CPI Policy or the Deductible Policy, and that Defendants are liable to Plaintiff for payment of the entire deductible amount of $140,000 payable under the Deductible Policy as a covered loss.

23. In addition, the mishandling of the claim also caused a delay in Plaintiff's ability to fully repair its property, which has resulted in additional damages. To this date, Plaintiff has yet to receive full payment under the Deductible Policy for its covered damages.

24. Given its unjustified and inexplicable refusal to follow the CPI Insurer in settling Plaintiff's claim, the Deductible Policy Insurer has chosen without justification through independent analysis or otherwise, to blindly ratify and adopt the inadequate methods and investigation of the Desk Adjuster and the Adjusting Company, which have caused and resulted in Plaintiff's claims being materially denied in part, as well as undervalued and underpaid in part. The unreasonable investigation of Plaintiff's claim resulted in the considerable underpayment and wrongful denial of the claim. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

25.    The Deductible Policy Insurer has recklessly or intentionally chosen and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform its non-delegable duties of investigating claims in accordance with applicable Texas law.  More specifically, but without limitation, the Defendants failed to perform an investigation of Plaintiff's claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

26.    In addition, the Deductible Policy Insurer compensated (or otherwise ratified compensation of) its outside contractor adjuster in a manner that incentivized them to exclude or artificially minimize the amount of storm-related damages payable under its policies in express contravention to Texas law. Further, the Deductible Policy Insurer had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters. Therefore, the Deductible Policy Insurer was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiff's claim.

27.    Moreover, and despite the foregoing, the Deductible Policy Insurer then refused without justification to follow the direction of the CPI Policy Insurer regarding settlement of Plaintiff's claim.

28.    As detailed in the paragraphs below, the Deductible Policy Insurer wrongfully denied Plaintiff's claim for repairs to the Property, even though the CPI Policy and the Deductible Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore,

Insurance Company denied Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

29.     The Deductible Policy Insurer continues to deny and delay paying Plaintiff for the damages to the Property without explanation and without justification, despite proper demand by Plaintiff.   As such, Plaintiff has not been paid in full for the damages to its Property, and has suffered direct, actual and consequential damages, forcing Plaintiff to retain counsel and incur fees and costs to collect what is justifiably owed to it under the Deductible Policy.

30.     Defendants Deductible Policy Insurer, Adjusting Company, and Desk Adjuster misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. The Desk Adjuster relied on incorrect information provided by its outside adjuster knowing that said information would be used to misrepresent to Plaintiff that the claim was not covered under the CPI Policy or the Deductible Policy.   As such, the conduct of this Defendant in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

31.     Defendants Deductible Policy Insurer, Adjusting Company, and Desk Adjuster failed to attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. As such, Defendants Deductible Policy Insurer's, Adjusting Company's, and Desk Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

32.     Defendants Deductible Policy Insurer, Adjusting Company, and Desk Adjuster failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Deductible Policy Insurer, Adjusting Company, and Desk Adjuster did not communicate that any future settlements or payments would be

forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. As such, Defendants Deductible Policy Insurer's, Adjusting Company's and Desk Adjuster's conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

33.    Defendants Deductible Policy Insurer, Adjusting Company, and Desk Adjuster failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Deductible Policy Insurer, Adjusting Company, and Desk Adjuster. As such, Defendants Deductible Policy Insurer's, Adjusting Company's and Desk Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

34.    Defendants Deductible Policy Insurer refused to fully compensate Plaintiff under the terms of the Deductible Policy, even though Defendant failed to conduct a reasonable investigation. More specifically, but without limitation, Defendant Deductible Policy Insurer performed an outcome-oriented investigation of Plaintiff's claim, and ignored all reasonable evidence of coverage, resulting in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. As such, Defendant Deductible Policy Insurer conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

35.    Deductible Policy Insurer failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Deductible Policy Insurer's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

36. Deductible Policy Insurer failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Deductible Policy Insurer has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. As such, Deductible Policy Insurer's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

37. From and after the time Plaintiff's claim was presented to Deductible Policy Insurer, the liability of Deductible Policy Insurer to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Deductible Policy Insurer has refused to pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Deductible Policy Insurer's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

38. Additionally, Defendants knowingly or recklessly made or substantively contributed the making of false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

39. Defendants' wrongful acts and omissions, as further detailed herein, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing it with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST
### DEFENDANT DESK ADJUSTER AND ADJUSTING COMPANY

40. In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 39 as if fully set forth *verbatim*.

9

41.     Insurance Company assigned Adjusting Company and Desk Adjuster to adjust the claim. Adjusting Company and Desk Adjuster were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, Adjusting Company and Desk Adjuster failed to properly assess Plaintiff's damages.   Adjusting Company and Desk Adjuster also omitted covered damages from their report.

42.     As such, Adjusting Company's and Desk Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

43.     O'Rourke is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Insurance Company, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

44.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusting Company's and Desk Adjuster's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of

Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Adjusting Company's and Desk Adjuster's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45.    Adjusting Company's and Desk Adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

46.    Adjusting Company and Desk Adjuster failed to explain to Plaintiff the reason for their inadequate settlement. Specifically, Adjusting Company and Desk Adjuster failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusting Company and Desk Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Adjusting Company and Desk Adjuster, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or

practice in the business of insurance. TEX. INS. CODE §541.060(3).

47.    Adjusting Company's and Desk Adjuster's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

48.    Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

<u>CAUSES OF ACTION AGAINST DEFENDANT DEDUCTIBLE POLICY INSURER</u>

49.    In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 48 as if fully set forth *verbatim.*

50.    Deductible Policy Insurer is liable to Plaintiff for breach of contract, as well as knowing violations of the Texas Insurance Code and breach of good faith and fairdealing.

**BREACH OF CONTRACT**

51.    Deductible Policy Insurer conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiff.

52.    Deductible Policy Insurer's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Deductible Policy Insurer's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

53. Deductible Policy Insurer's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

54. Deductible Policy Insurer's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

55. Deductible Policy Insurer's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Deductible Policy Insurer's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

56. Deductible Policy Insurer's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

57. Deductible Policy Insurer's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

58. Deductible Policy Insurer's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

59.     Deductible Policy Insurer's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

60.     Deductible Policy Insurer's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

61.     Deductible Policy Insurer's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

62.     Deductible Policy Insurer's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

63.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 62 as if fully set forth *verbatim*.

64.     Adjusting Company and Desk Adjuster are agents of Deductible Policy Insurer based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Deductible Policy Insurer. TEX. INS. CODE §4001.051.

65.     Separately, and/or in the alternative, as referenced and described above, Deductible Policy Insurer ratified the actions and conduct of Adjusting Company and Desk Adjuster, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

66.     In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 65 as if fully set forth *verbatim*.

67.     Deductible Policy Insurer's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in its Policy.

68.     Deductible Policy Insurer's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Deductible Policy Insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

69.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 68 as if fully set forth *verbatim*.

70.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

71.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 70 as if fully set forth *verbatim*.

72.     Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

73.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in violation of the laws set forth above.

74.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

75.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff is entitled to three times its actual damages. TEX. INS. CODE §541.152.

76.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

77.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

78.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

79.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiff is tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

80.     All conditions precedent to Plaintiff's claim for relief has been performed or has occurred. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

## REQUEST FOR DISCLOSURE

81.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

(signature block following)

17

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
Randal G. Cashiola, Of Counsel
State Bar No. 03966802
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFF**